O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. [CV 10-04163 DDP] |
| ) | CR 02-00627 DDP ✓ |
| Plaintiff, ) | |
| ) | **ORDER DENYING PETITIONER'S MOTION** |
| v. ) | **TO VACATE, SET ASIDE OR CORRECT** |
| ) | **SENTENCE** |
| FRANCESCO D. BRITTINGHAM, ) | |
| ) | [Docket No. 252] |
| Defendants. ) | |
| ) | |
| _____ ) | |

Presently before the Court is Petitioner's Motion to Vacate, Set Aside or Correct Sentence ("Petitioner's Motion"). For the reasons stated below, Petitioner's Motion is DENIED.

**I. Background**

On November 18, 2003, Petitioner Francesco Brittingham was convicted at trial of (1) conspiracy to possess phencyclidine ("PCP") with intent to distribute, in violation of 21 U.S.C. § 846; and (2) possession of PCP with intent to distribute, in violation of 21 U.S.C. § 841. (Gov't Oppn., at 3.) On September 16, 2005, the Court sentenced Petitioner to a term of 135 months in prison followed by 5 years of supervised release. (Pet's Motion, at 1;

Gov't Oppn., at 3.) The Court further ordered Petitioner to pay a mandatory special assessment of $200. (Id.) Petitioner now seeks a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2). (Id.)

**II. Legal Standard**

Generally, district courts "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," district courts may consider reducing an otherwise final sentence. 18 U.S.C. § 3582(c)(2); see also Dillon v. United States, 560 U.S. 817, 824 (2010). The Court's reduction of such a sentence *must* be based on an amendment to the Guidelines. 18 U.S.C. § 3582(c)(2). The reason for this is that section "3582(c)(2) does not authorize a re-sentencing." Dillon, 560 U.S. at 831. Instead, § 3582(c)(2) "represents a congressional act of lenity intended to give prisoners the benefit of later enacted adjustments" to the Guidelines. Id. at 828.

It is only when the Commission declares an amendment to the Guidelines retroactive that district courts may then reduce an otherwise final sentence. Id. at 822. Therefore, not only does a defendant's Guidelines range have to be amended, but the Sentencing Commission must also declare that amendment retroactive before courts can modify a sentence under § 3582(c)(2). Dillon, 560 U.S. at 819, 821.

**III. Discussion**

In order for this Court to reduce Petitioner's sentence under 18 U.S.C. § 3582(c)(2), his sentencing Guideline must have

2

"subsequently [been] lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." Petitioner's sentencing guideline range has not changed since his 2005 sentencing. (Pet's Traverse, at 1; Gov't Oppn., at 3.) During his sentencing in 2005, Petitioner had a base offense level of 34 for possessing and conspiring to possess more than 3 kilograms of PCP. (Gov't Oppn. at 3.) Today, Petitioner's base offense level remains the same and Guidelines range for that offense level also remains unchanged since his 2005 sentencing. (Pet's Traverse, at 1; Gov't Oppn., at 3.) Therefore, the Commission has not amended the Guidelines in a way that would entitle Petitioner to a reduced sentence under 18 U.S.C. § 3582(c)(2). See United States Sentencing Commission, Guidelines Manual (Sept. 2013).

   Petitioner contends that he is entitled to a reduced sentence under the U.S. Supreme Court's ruling in United States v. Booker, 543 U.S. 220 (2005). However, Petitioner's argument fails.  In Dillon, the U.S. Supreme Court explicitly refused to extend the holding in Booker to section 3582(c)(2) proceedings. Dillon, 560 U.S. at 828. In doing so, the Court held that "section 3582(c)(2) does not authorize a re-sentencing. Instead, it permits a sentence reduction within the narrow bounds established by the Commission." Id. at 831. The first of these narrow bounds is that the Petitioner be a part of "a limited class of prisoners" whose sentence was based on a subsequently lowered guideline range. Id. As discussed above, Petitioner's Guidelines range has remained the same since he

3

was sentenced in 2005. Accordingly, Petitioner is not entitled to a reduced sentence. 18 U.S.C. § 3582 (c)(2).[1]

**IV. Conclusion**

For the foregoing reasons, Petitioner's Motion is DENIED.

IT IS SO ORDERED.

Dated: March 24, 2014

DEAN D. PREGERSON
United States District Judge

---

[1] It should be noted that while the Court appreciates the extensive efforts at reform and rehabilitation made by Petitioner during his detention, these facts do not affect this Court's analysis because they do not serve as valid grounds for granting Petitioner the relief he seeks under § 3582(c)(2). Petitioner is correct in asserting that sentencing courts are required to consider § 3553(a) factors. However, this case is no longer in the sentencing phase. If the Sentencing Commission had amended Petitioner's base offense level or Guideline range and subsequently declared that amendment retroactive, then this Court could consider Petitioner's efforts under the § 3553(a) factors. However, the Sentencing Commission has failed to do either of those things. Therefore, this Court's analysis need not extend to considering § 3553(a) factors.